UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUANA I. RIOS                                             CIVIL ACTION

VERSUS                                                     NO. 13-740-BAJ-RLB

THE MALL OF LOUISIANA,
ET AL

**O R D E R**

I.  **Diversity of Citizenship**

The court *sua sponte* notes the potential insufficiency of the removing defendants' allegation of the citizenship of the parties.  As the removing party, Defendants have the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the parties are diverse").  A party invoking diversity jurisdiction must properly allege the citizenship of a general partnership, a limited liability partnership, and a limited partnership.  A general partnership, a limited liability partnership, and a limited partnership has the citizenship of each one of its partners.  Both the general partners and limited partners must be alleged to establish citizenship of a limited partnership.  *See International Paper Co. v. Denkmann Assoc.,* 116 F.3d 134, 137 (5th Cir. 1997); *Carden v. Arkoma Associates,* 494 U.S. 185 (1990).

The citizenship of GGP Limited Partnership (who is the lone member of GGP-TRC, LLC, who is one of the members of defendant, Mall of Louisiana, LLC) is not fully provided.  In identifying the partners of GGP Limited Partnership, the Notice of Removal and the Amended Notice of Removal incorporates by reference a list attached as Exhibit A. (R. Doc. 1-5, R. Doc. 11).

In addition to GGP, Inc., approximately 55 individuals and entities are identified as partners of GGP Limited Partnership. (R. Doc. 1-5). The citizenship of each partner is needed to determine whether complete diversity exists. Removing defendants have provided the citizenship of none of the individual partners listed on Exhibit A.

Many of the listed partners are individuals. Most, but not all, of these individuals also have an address listed on Exhibit A. That address is not otherwise identified. Even assuming that the address is the residence of an individual,[1] that alone is not sufficient. A party invoking diversity jurisdiction must allege the *citizenship* rather than mere residence of an individual. In addition, see 28 U.S.C. §1332(c)(2) for infants, minors and an incompetent.

A significant number of the partners listed are corporate entities or limited liability companies. Merely providing a mailing address for these entities is also insufficient. A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983).[2] The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. The citizenship of all of the members of a limited liability company must be properly alleged. In the event a member of a limited liability company is another limited liability company, the members of that limited liability

---

[1] Some of these individuals have no address listed under their name. Others have an address that is "c/o" another person.

[2] The phrase "principal place of business" in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend,* 130 S.Ct. 1181 (2010).

company must be properly alleged as well.  See *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).

Finally, approximately 14 of the partners are identified as trusts.  For these entities, only an address is provided.  The citizenship of the trusts is not alleged.[3]  See *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009) (the citizenship of a trust is that of its trustee).

Accordingly, **IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **April 14, 2014**, the removing defendants shall file a second amended notice of removal providing the citizenship of **GGP Limited Partnership** by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

## II.     Amount in Controversy

The Court sua sponte raises the issue of whether this action was properly removed based on the amount in controversy.  Plaintiff raised this issue in a joint status report (R. Doc. 6), indicating that plaintiff's counsel will be filing a Motion to Remand "in short order" on the grounds that the court does not have jurisdiction.  No motion has been filed.

Accordingly, **IT IS ORDERED** that defendant shall file a memorandum concerning subject matter jurisdiction, specifically, the amount in controversy requirement for diversity

---

[3] Some courts have noted that the determination of the citizenship of a trust is not completely settled in the Fifth Circuit in light of the holdings of the Supreme Court in *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) and *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). See *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009) (citing *Navarro* for proposition that citizenship of a trust is that of its trustee without analysis of *Carden* as to this issue); *Murchison Capital Partners. L.P. v. Nuance Communications, Inc.*, No. 12-4746, 2013 WL 3328694, at *3 (N.D. Tex. July 2, 2013) ("[t]he citizenship of a trust is that of its trustees"); *but see Berry v. Chrysler Group, LLC*, No. 12-1492, 2013 WL 416218, at *6 (S.D. Tex. Jan. 31, 2013) (noting that the Fifth Circuit "has not had occasion to address the impact of *Carden* with regard to citizenship of trusts" and concluding that the citizenship of the beneficiaries of a trust is considered for diversity jurisdiction in accordance with *Carden*).

jurisdiction, on or before **April 14, 2014**.  Plaintiff shall file a memorandum concerning the same on or before **May 5, 2014**.  The parties' memoranda shall address the implications of the Fifth Circuit's decision in *Simon v. Walmart*, 193 F.3d 848 (5th Cir. 1999).

Signed in Baton Rouge, Louisiana, on March 25, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**