**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JUANA I. RIOS** **CIVIL ACTION**

**VERSUS** **NO. 13-740-BAJ-RLB**

**THE MALL OF LOUISIANA, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 23, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JUANA I. RIOS** | **CIVIL ACTION**

**VERSUS** | **NO. 13-740-BAJ-RLB**

**THE MALL OF LOUISIANA, ET AL.**

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is a Motion for Voluntary Remand filed by defendants Mall of Louisiana, LLC and Xencom Facility Management, LLC (R. Doc. 13). This cause of action was originally filed in the 19th Judicial District Court in East Baton Rouge Parish, Louisiana on October 9, 2013. (R. Doc. 1-5 at 6). Plaintiff alleges that the defendants are liable for certain injuries sustained as a result of a slip and fall down escalators inside the Mall of Louisiana.

Defendant Xencom was served on October 18, 2013[1] and both defendants removed the action to this Court on November 15, 2013 within 30 days of service. (R. Doc. 1 at 4); *see* 28 U.S.C. § 1446(b) ("notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"). Defendants' Notice of Removal alleges this Court has subject matter jurisdiction over Plaintiff's claims because the parties are completely diverse and the amount in controversy exceeds $75,000. (R. Doc. 1 at 4-6); *see* 28 U.S.C. §§ 1332, 1441(b) (diversity of citizenship and removal).

[1] The Notice of Removal states that service on defendant Mall of Louisiana, LLC was attempted through the Louisiana Long-Arm Statute. (R. Doc. 1 at 4).

Plaintiff is a citizen of Louisiana. (R. Doc. 1-5) ("Juana I Rios, domiciled in Baton Rouge, Louisiana"); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("A United States citizen who is domiciled in a state is a citizen of that state.").

Defendants represented in the Notice of Removal that Xencom Facility Management, LLC is a limited liability company whose members included J. Michael Ponds, Lawrence R. Bennet, and Xencom Systems, LLC. The members of Xencom Systems, LLC were identified as Robert A. Cross and John W. Luxen. The notice of removal, however, only provided the residence of these individuals, not their citizenship. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members."). The Court ordered the defendants to file an amended Notice of Removal setting forth the citizenship of each of the members of Xencom Facility Management, LLC. (R. Doc. 8). Defendants filed an Amended Notice of Removal that alleged that each of the above referenced individuals were citizens of Texas. (R. Doc. 11).

Defendants also represented in the Notice of Removal that Mall of Louisiana, LLC comprised of several members. As stated above, the citizenship of a LLC is determined by the citizenship of all of its members. The first member is Mall of Louisiana Holding, Inc., a corporation organized under the laws of Delaware with its principal place of business in Illinois.

The second member is GGP-Mall of Louisiana Holding, LLC. This entity has two members. The first is MOL Holding Company, LLC ("MOL"). MOL only has one member, GGP, Inc. GGP, Inc. is a corporation organized under the law of Delaware with a principal place of business in Illinois.

The second member of GGP-Mall of Louisiana Holding, LLC is GGP Limited Partnership. The citizenship of a partnership is determined by the citizenship of each one of its

partners. Both the general partners and limited partners must be alleged to establish citizenship of a limited partnership. *See International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997). The Notice of Removal attached a list of the partners of GGP Limited Partnership. (R. Doc. 1-5 at 1-3).

For the reasons set forth in this court's order on March 25, 2014, the citizenship of the numerous partners of GGP Limited Partnership was not sufficiently provided. (R. Doc. 12).[2] Defendants were ordered to file a second amended notice of removal that set forth their citizenship for the purpose of invoking this court's jurisdiction.

Defendant filed the instant motion seeking voluntary remand of this matter back to the 19th Judicial District Court.[3] Plaintiff's counsel has informed the court that the motion is unopposed.

As the removing party, Defendants have the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the parties are diverse"). In this case, Defendants have not met their burden of proving complete diversity. This case was removed over 5 months ago and Defendant has been given an opportunity to correct deficiencies in setting forth its own citizenship. It has been unable to do so. As such, jurisdiction has not been sufficiently alleged.

---

[2] The partners included individuals, corporations, limited liability companies, and trusts. The citizenship of these individuals and entities was not sufficiently alleged.

[3] In the Motion, defendants state that they are "reserving their rights to pursue removal within the timeframe allowed under 28 U.S.C. §1446(b) and upon their provision of the additional information contained in the Order." (R. Doc. 13). The court takes no position as to whether a subsequent remand will be permissible at a later date following defendants inability to properly invoke this court's jurisdiction at this time.

For the reasons given above, it is **RECOMMENDED** that Defendant's Motion for Voluntary Remand (R. Doc. 13) be **GRANTED**, and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on April 23, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**